## CIRCUIT COURT OF LOUDOUN COUNTY

In re Change of Boundary
Between The Town of Leesburg
and Loudoun County

Case No. (Law) 11488

By JUDGE THOMAS D. HORNE

July 13, 1990

In the instant action, the Town of Leesburg and Loudoun County seek to change the boundary line between the two entities by incorporating thirty-two acres of land into the Town of Leesburg, pursuant to § 15.1-1031 of the Virginia Code, as amended. At present, it is unclear to the Court whether this action should proceed pursuant to § 15.1-1031 ("Relocation or Change, by Agreement, of Boundary Line Between Political Subdivisions; Adjustment by Court") or § 15.1-1032 ("Annexation") of the Code of Virginia as amended.

The doctrine of "boundary by agreement" requires that there be a dispute, uncertainty or ignorance of the true boundary line which is resolved by an agreement between the parties. *Herrmann v. Woodell*, 107 Idaho 916, 693 P.2d 1118, 1122. The agreement between the Town of Leesburg and Loudoun County is not the result of a dispute regarding the "true" boundary line between the two entities. Rather, it is an agreement to change an existing agreed-upon boundary line.

Because it is unclear whether a boundary agreement is appropriate in this action, the Court requests authority for application of § 15.1-1031 in the present action. Of great concern to the Court is the jurisdictional aspect of the case, and the effect of the application of the appropriate provision of the Code on future disputes which could conceivably arise (i.e. taxpayer actions).

This, however, does not in any way indicate that the Court finds that the prepared "adjustment" is anything other than in the public's interest.

August 14, 1990

On June 21, 1990, the Loudoun County Board of Supervisors and the Town Council of Leesburg jointly petitioned (the "Petition") this Court to change the boundary line between Loudoun County (the "County") and the Town of Leesburg (the "Town"). Included with the Petition was a Boundary Line Adjustment Agreement (the "Agreement") drawn in accordance with § 15.1-1301.1 ("Relocation or Change, by Agreement, of Boundary Line Between Political Subdivisions; Adjustment by Court") of the Virginia Code, as amended. The Petition and the Agreement state that approximately thirty-two acres currently located in the County would be incorporated into the Town.

According to the Petition, the sole purpose of the Boundary Line Adjustment Agreement is to bring the thirty-two acres within the exclusive jurisdiction of the Town so that it alone may consider the proposed Edwards Landing rezoning application (ZM-109) pending on the thirty-two acre parcel. The Petition also states that the request for the boundary line adjustment is conditioned upon the owner/developer's conveyance of the thirty-two acres to the Town within thirty-one days of the Town's approval of the rezoning.

Because it was unclear to the Court whether this action should proceed in accordance with §§ 15.1-1031.1 to 15.1-1031.3, the Court requested that the Town and the County (the "Petitioners") provide authority for their requested use of §§ 15.1-1031.1 to 15.1-1031.3. The Petitioners subsequently filed a Joint Memorandum of Law in which they reiterated their contention that the application of §§ 15.1-1031.1 to 15.1-1031.3 is appropriate in this case.

The Court, however, is unpersuaded by the Petitioners' arguments and finds that §§ 15.1-1031.1 to 15.1-1031.3 are not applicable in the instant action. Section 15.1-1031.3 states that the judge with whom the petition to change the boundary line is filed "shall *designate* and *establish* the new boundary line" (emphasis added).

The Petitioners have not asked the Court to "designate and establish" the new boundary line. Rather, they have requested that the Court *approve* the proposed boundary line adjustment agreement. The use of §§ 15.1-1031.1 to 15.1-1031.3 is not appropriate in the instant action because the judge's authority is expressly limited by the words "designate and establish." Because the Petitioners' request is based on the approval of an agreement, not the designation and establishment of a new boundary line, the Court believes that § 15.1-1167.1 ("Voluntary settlements among local governments") is the appropriate provision under which to proceed.

Section 15.1-1167.1 provides for the voluntary settlement among local governments of matters relating to boundary line adjustments, fiscal arrangements, the acquisition of real property and buildings, etc. Under § 15.1-1167.1, the voluntary agreement is submitted to the Commission on Local Governments which reports its findings and recommendations as to whether the proposed settlement is in the best interest of the Commonwealth. The agreement is subsequently presented to a special court convened under Section 15.1-1168 ("Special court to hear certain cases"). The special court's jurisdiction is limited to either affirming or denying the agreement.

Prior to July 1, 1983, however, the "special court" or annexation court referred to in § 15.1-1167.1 did not have the jurisdiction to affirm or deny the voluntary agreements. 17 U. Rich. L. Rev. 819 (1983). In *City of Fredericksburg v. County of Spotsylvania* (Va. Annex. Ct., Apr. 26, 1983), the parties entered into an annexation and immunity agreement which was submitted to the annexation court for approval. The annexation court held that it did not have the jurisdiction to grant or withhold approval of voluntary agreements. 17 U. Rich. L. Rev. 819, 835 (1983). The court found that as a statutory court of limited jurisdiction, rather than general jurisdiction, it had no express authority to grant or withhold approval of voluntary agreements. *Id.* at 836. On July 1, 1983, however, Section 15.1-1167.1 became effective and conferred upon the annexation courts the power to affirm or deny voluntary agreements. Because Section 15.1-1167.1 expressly grants the annexation courts the power to affirm or deny voluntari-

ly agreements, this action should proceed according to Section 15.1-1167.1.

Accordingly, the petition to change the boundary line between the Town of Leesburg and Loudoun County is denied and the action is dismissed.